IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Honorable R. Brooke Jackson

Civil Action No. 12-cv-000425-RBJ

TAMMI L. CHAMPLIN,

    Plaintiff,

v.

CAROLYN W. COLVIN[1], Acting Commissioner of the Social Security Administration,

    Defendant.

---

ORDER

---

This case is before the Court on plaintiff Tammi L. Champlin's motion for attorney's fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412.

**Facts**

Ms. Champlin applied for social security disability benefits and supplemental security income benefits on March 3, 2009, asserting that she became disabled on June 1, 2007 due to left knee osteoarthritis, degenerative disc disease, obesity, bipolar disorder, asthma, and hypertension. Ms. Champlin's application for benefits was initially denied on July 15, 2009. Ms. Champlin requested a hearing before an Administrative Law Judge (ALJ). After holding a hearing via video conference, the ALJ issued an unfavorable decision denying Ms. Champlin social security benefits. The Appeals Council denied her request to review the ALJ's decision, and Ms. Champlin filed an appeal to this Court on February 17, 2012. [docket #1].

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. Fed.R.Civ.P. 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this lawsuit.

In her appeal Ms. Champlin argued that the ALJ failed to properly (1) evaluate the opinions of several of her treating physicians (2) consider her subjective complaints of pain and fatigue and assess her credibility; and (3) assess her residual functional capacity (RFC). In an order issued February 1, 2008, this Court reversed the ALJ's decision and remanded the case for further proceedings. [#18]. Specifically, this Court held that the ALJ adequately evaluated the opinions of Ms. Champlin's physicians, but that the ALJ did not adequately explain her credibility determinations. The Court held that in light of the finding that the ALJ did not adequately explain her findings on credibility, it was premature to address Ms. Champlin's argument that the ALJ did not properly assess her RFC. Instead, the Court recommended areas for clarification of the RFC on remand.

**Conclusions**

The EAJA provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[2] *Hackett v. Barnhart,* 475 F.3d 1166, 1168 (10th Cir. 2007). In an order dated January 28, 2012 this Court reversed the decision of the Commissioner to deny Ms. Champlin benefits and

---

[2] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

remanded back to the Commissioner for additional review. [#18]. Thus, Ms. Champlin was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong, whether the government's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett,* 475 F.3d at 1170. In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id.* at 1174. EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf,* 277 F.3d 1156, 1159 (9th Cir. 2002). In this circuit, substantially justified means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue,* 261 F. App'x 83, 85 (10th Cir. 2008). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett,* 475 F.3d at 1175.

In the process of determining whether a claimant is disabled, it is necessary for ALJs to make findings about credibility. An appellate court generally gives great deference to the credibility determination of the finder of fact. *Kepler v. Chater,* 68 F.3d 387, 391 (10th Cir. 1995). Despite this deference, the Tenth Circuit as well as social security rulings have made it clear that "findings as to credibility should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Huston v. Brown,* 838 F.2d 1125, 1133 (10th Cir. 1988); SSR 96-7p, 1996WL374186, *2 (July 2, 1996) ("The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any

subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight").

The Commissioner argues that her position was substantially justified because the reason this Court remanded was that the ALJ failed to adequately explain her credibility determinations, not because she failed to properly assess credibility. Def.'s Br. at 4. In support of this argument, the Commissioner relies on *Cunningham v. Barnhart,* 440 F.3d 862, 865 (7th Cir. 2006). In *Cunningham,* the Seventh Circuit found that the Commissioner's position was substantially justified after the court remanded a social security benefits determination because the ALJ did not adequately explain his credibility assessments. *Id.* at 864. However, in that case, the ALJ did cite generally to evidence to support his credibility determinations. *Id.* at 865. The Seventh Circuit clarified that "[t]his is not a case in which the Commissioner's position is based on speculation with no support in the record. We have no trouble concluding the Commissioner's position was substantially justified, even though the ALJ was not as thorough in his analysis as he could have been." *Id.* That is distinguishable from the case before this court. In this case, the Court specifically held that "the ALJ's conclusion was not linked to any particular evidence. It is, in the words of the *Huston* court, a conclusion in the guise of findings." Order at 18. Because the law was clear that an ALJ must link credibility determinations to specific evidence in the record, the ALJ's decision did not have a reasonable basis in law and thus the Commissioner's position was not substantially justified.

Plaintiff requests an award of $6,861.30 in attorney's fees accrued through the litigation of the instant motion, constituting 35.95 hours of attorney time at a rate of $184.32 per hour and 2.25 hours of paralegal work at $100.00 per hour. [#20-1]. The Commissioner does not dispute the amount requested. [#21].

To determine a reasonable fee request, a court must begin by calculating the "lodestar amount." *Robinson v. City of Edmond*, 160 F.3d 1275, 1281 (10th Cir. 1998). The lodestar amount is the "number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The Court finds that the hours claimed for attorney work are reasonable. In addition, the Court notes that Ms. Harriss undertook a substantial risk of loss in connection with the case, devoted considerable time and effort in presenting Ms. Champlin's position, and obtained a favorable result for her.

Paralegals and legal assistants are professionals who can and often do perform high-level work that otherwise would have been done by an attorney at a higher billing rate. However, in a petition for fees, an attorney cannot recover for paralegal time that is purely clerical work. *See Brokers' Choice of Am., Inc. v. NBC Universal, Inc.,* No. 09-cv-00717, 2011 WL 3568165, at *8 (D. Colo. Aug. 16, 2011). The hours billed by Ms. Harriss's paralegal were spent on clerical work. Accordingly, those hours should not be included in the computation of fees.

In light of the hours worked and the fact that the Commissioner does not dispute the amount of fees requested, the Court concludes that an attorney's fee of $6,626.31 ($184.32 per hour multiplied by 35.95 hours) is reasonable.

**Order**

The Motion for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412 [#20] is GRANTED. Ms. Champlin is awarded $6,626.31.

DATED this 1st day of July, 2013.

BY THE COURT:

_____

R. Brooke Jackson
United States District Judge